IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| NEAPCO COMPONENTS, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>AMERICAN AXLE & MANUFACTURING, INC.,<br><br>　　　　　　Defendant. | Case No. 2:23-cv-12470<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Neapco Components, LLC ("Neapco" or "Plaintiff"), by and through its attorneys Honigman LLP, hereby provides its Complaint for Patent Infringement against Defendant American Axle & Manufacturing, Inc. ("AAM" or "Defendant"), and alleges as follows:

## NATURE OF THE ACTION

1.　　This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, and seeks damages and remedies as provided in 35 U.S.C. §§ 281 and 283-285.

## THE PARTIES

2.　　Neapco is a limited liability corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 501 W. Sargent Street, Beatrice, Nebraska 68310.  Neapco is a subsidiary of Neapco

1

48929311.3

Holdings, LLC, which has its global headquarters at 38900 Hills Tech Drive, Farmington Hills, Michigan 48331.

3.  AAM is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at One Dauch Drive, Detroit, Michigan 48211.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5.  Jurisdiction and venue for this action are proper in the Eastern District of Michigan. This Court has personal jurisdiction over Defendant, *inter alia*, because it is headquartered in this Judicial District, has over a dozen separate offices in this Judicial District, and is doing substantial business in this Judicial District, both generally and, on information and belief, with respect to the allegations in this complaint, including Defendant's one or more acts of infringement in this Judicial District.

6.  Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b) and (c) and § 1400(b).

## THE PATENTS-IN-SUIT

7.  Neapco is the assignee and lawful owner of all right, title, and interest in United States Patent No. 11,434,958 titled "High Retention Force Serviceable

2

Plug-On Joint Assembly" ("the '958 patent"). A copy of the '958 patent is attached hereto as **Exhibit A**, which was duly and legally issued on September 6, 2022, naming Michael Walter Hopson, Arvind Srinivasan, and Michael Peter Kinsella as the inventors.

8. Neapco is the assignee and lawful owner of all right, title, and interest in United States Patent No. 11,598,376 titled "High Retention Force Serviceable Plug-On Joint Assembly" ("the '376 patent"). A copy of the '376 patent is attached hereto as **Exhibit B**, which was duly and legally issued on March 7, 2023, naming Michael Walter Hopson, Arvind Srinivasan, and Michael Peter Kinsella as the inventors.

## BACKGROUND

9. For over 100 years, Neapco has been at the forefront of the global automotive industry—designing, developing, and manufacturing high-quality, innovative OEM and aftermarket products for automotive, light truck, heavy truck, off-road, off-highway, agriculture and industrial applications.

10. Headquartered in the heart of the American auto industry, Neapco invests heavily in precision engineering and protection of its innovative processes, production capabilities, and products. Neapco has been awarded hundreds of patents, including its first issued patent filed in 1946. Neapco's investment in

3

domestic and international patent protection has propelled it to be an industry leader for its cutting-edge driveline products, including halfshafts and propshafts.

11. AAM is a direct competitor of Neapco's, offering various automotive products including propshafts for use in light and heavy duty trucks and passenger cars.

12. In 2017, Neapco submitted a bid to Fiat Chrysler Automobiles N.V. ("FCA") for Neapco to supply its new and innovative propshafts that are covered by the '958 patent and the '376 patent to FCA's Dodge Ram 2500, 3500, 4500, and 5500 Heavy Duty vehicles ("Ram HD Vehicles").

13. As part of that bid, Neapco submitted a confidential design proposal to FCA that described in detail many innovative aspects of Neapco's propshafts that are disclosed in and covered by the '958 patent and the '376 patent.

14. FCA did not award the bid to Neapco, but rather awarded it to AAM to supply the propshafts for the Ram HD Vehicles.

15. Having secured a supplier relationship with FCA to the direct detriment of Neapco, AAM now manufactures, uses, sells, and/or offers for sale propshafts with plug-on interface assemblies including, for example, propshafts for at least the 2023 Dodge Ram HD Vehicles ("Ram HD Propshafts"). At least certain of these propshafts bear the product no. 68312648AC.

16. These propshafts utilize the very same innovations embodied in Neapco's proposal to FCA, and which are disclosed and claimed in Neapco's '958 and '376 patents.

### COUNT I — INFRINGEMENT OF U.S. PATENT NO. 11,434,958

17. Neapco reincorporates and re-alleges the allegations of the above paragraphs as if fully set forth herein.

18. AAM has and continues to manufacture, use, offer for sale, and/or sell driveline products, including at least the Ram HD Propshafts and other propshafts having a similar plug-on interface assembly, that infringe, either literally or under the doctrine of equivalents, one or more claims of the '958 patent in violation of 35 U.S.C. § 271(a), including claim 1 as set forth in the exemplary claim chart at **Exhibit C**. Upon information and belief, AAM at least assembles and tests complete infringing driveline assemblies including components that may be provided by third-parties.

19. Additionally or alternatively, AAM has and continues to actively induce infringement of one or more claims of the '958 patent in violation of 35 U.S.C. § 271(b) by actively and knowingly aiding and abetting in another's direct infringement of one or more claims of the '958 patent.

20. Additionally or alternatively, AAM has and continues to manufacture, use, offer for sale, and/or sell driveline products, including at least the Ram HD

5

Propshafts and other propshafts having a similar plug-on interface assembly, that constitute a material part of one or more claims of the '958 patent, while knowing the same to be especially adapted or made for use in an infringement of one or more claims of the '958 patent in violation of 35 U.S.C. § 271(c), and direct infringement by another of one or more claims of the '958 patent actually occurred.  These propshafts are not a staple article or commodity of commerce suitable for substantial noninfringing uses.

21. AAM's infringement has damaged and continues to damage and injure Neapco.  Neapco's injury is irreparable and will continue unless and until AAM is enjoined by this Court from further infringement.

## **COUNT II — INFRINGEMENT OF U.S. PATENT NO. 11,598,376**

22. Neapco reincorporates and re-alleges the allegations of the above paragraphs as if fully set forth herein.

23. AAM has and continues to manufacture, use, offer for sale, and/or sell driveline products, including at least the Ram HD Propshafts and other propshafts having a similar plug-on interface assembly, that infringe, either literally or under the doctrine of equivalents, one or more claims of the '376 patent in violation of 35 U.S.C. § 271(a), including claim 1, as set forth in the exemplary claim chart at **Exhibit D**.

24. Additionally or alternatively, AAM has and continues to actively induce infringement of one or more claims of the '376 patent in violation of 35 U.S.C. § 271(b) by actively and knowingly aiding and abetting in another's direct infringement of one or more claims of the '376 patent.

25. Additionally or alternatively, AAM has and continues to manufacture, use, offer for sale, and/or sell driveline products, including at least the Ram HD Propshafts and other propshafts having a similar plug-on interface assembly, that constitute a material part of one or more claims of the '376 patent, while knowing the same to be especially adapted or made for utilization in an infringement of one or more claims of the '376 patent in violation of 35 U.S.C. § 271(c), and direct infringement by another of one or more claims of the '376 patent actually occurred. These propshafts are not a staple article or commodity of commerce suitable for substantial noninfringing uses.

26. AAM's infringement has damaged and continues to damage and injure Neapco. Neapco's injury is irreparable and will continue unless and until AAM is enjoined by this Court from further infringement.

## **JURY DEMAND**

Neapco demands a jury trial on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, Neapco respectfully requests that this Court enter judgment in its favor and grant the following relief:

a. That U.S. Patent No. 11,434,958 be judged valid, enforceable, and infringed by AAM;

b. That U.S. Patent No. 11,598,376 be judged valid, enforceable, and infringed by AAM;

c. That Neapco be awarded judgment against AAM for damages together with interests and costs fixed by the Court;

d. That the Court declare this an exceptional case and award Neapco its attorneys' fees, as provided by 35 U.S.C. § 285; and

e. That Neapco be awarded such other and further relief as this Court may deem just and proper.

Dated: September 29, 2023

By: /s/ J. Michael Huget
J. Michael Huget (P39150)
Sarah Waidelich (P80225)
David J. Thomas (P82938)
mhuget@honigman.com
swaidelich@honigman.com
dthomas@honigman.com
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7000

Dennis J. Abdelnour
Honigman LLP
155 North Wacker Drive, Suite 3100
Chicago, IL 60606
(312) 701-9300
dabdelnour@honigman.com

*Attorneys for Plaintiff Neapco Components, LLC*