UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEAPCO COMPONENTS, LLC,

     Plaintiff,

                                              Case No. 2:23-cv-12470

v.                                       Honorable Linda V. Parker

AMERICAN AXLE &
MANUFACTURING, INC.

     Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS IN PART (ECF No. 13)

This matter is before the Court on a motion to dismiss filed by Defendant American Axel & Manufacturing, Inc. (hereinafter "AAM") against Plaintiff Neapco Components, LLC (hereinafter "Neapco"). (ECF No. 13) The motion is fully briefed. (ECF Nos. 17, 19) Finding the facts and legal arguments adequately presented in the parties' filings, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the following reasons, AAM's motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**.

## I.    BACKGROUND

Neapco is an automotive parts manufacturer, designing and developing original and aftermarket products for automotive, light truck, heavy truck, off-road, off-highway, agriculture, and industrial applications. (ECF No. 1 at ¶ 9) Neapco

is the holder of United States Patent No. 11,434,958 (the "958 patent") and United

States Patent No. 11,598,376 (the "376 patent").  (*Id.* at ¶¶ 8-9)  Both patents are in

reference to High Retention Force Serviceable Plug-On Joint Assemblies or

propeller driveshafts ("propshafts").  (*Id.*)

### A. The Patents

"Propeller driveshafts, known as propshafts, are used to mechanically

connect the back wheels of cars to the engine on the front of the cars."  Babak

Akhlaghi & Stephen Becker, *Patent Applications Handbook* § 4:12 (2024 ed.); *see*

*also Am. Axle & Mfg. Inc. v. Neapco Holdings LLC*, 967 F.3d 1285, 1289 (Fed.

Cir. 2020) (internal citation and alteration omitted) ("Propshafts are employed in

automotive vehicles to transmit rotary power in a driveline.").  The abstract of the

'958 patent describes it as:

> A joint assembly [that] includes a first member having splines formed
> therein. A second member [that] includes splines formed thereon and is
> coupled to the first member. The splines of the first member engage the
> splines of the second member. An access window is formed on the first
> member. A ring retains the first member to the second member. A
> portion of the ring is accessible through the access window, where the
> ring can be manipulated to release the first member from the second
> member.

(ECF No. 1-2 at PageID.12 (alterations added))  The abstract of the '376

patent describes it nearly identically as the '958 patent, with the addition of "[a]

seal [that] extends across a joint between the first member and the second member

2

[which] covers the access window."  (ECF No. 1-3 at PageID.23 (alterations added))

### B. The Bid

AAM is a direct competitor of Neapco.  (ECF No. 1 at ¶ 11)  In 2017, Stellantis, formerly Fiat Chrysler Automobiles, N.V. ("FCA"), sought bids for propshafts to use in their Dodge Ram 2500, 3500, 4500, and 5500 Heavy Duty vehicles ("RAM HD Vehicles").  (*Id.* at ¶ 12)  As part of its bid, Neapco described, in detail, many confidential aspects of its propshafts covered by the '958 and '376 patents.  (*Id.* at ¶ 13)  Ultimately, however, FCA awarded the bid to AAM to supply propshafts for their RAM HD Vehicles.  (*Id.* at ¶ 14)

According to the complaint, AAM now manufactures, uses, sells, and/or offers for sale propshafts that utilize the very same innovations in Neapco's proposal to FCA, and which are disclosed and claimed in the '958 and '376 patents.  (*Id.* at ¶¶ 15-16)

As a result, Neapco brings this complaint, alleging: (I) direct, induced, and contributory infringement of at least one claim of the '958 patent; and (II) direct, induced, and contributory infringement of at least one claim of the '376 patent.  (*Id.* at ¶¶ 17-26)  AAM now moves to dismiss the complaint.  (ECF No. 13)

### C. Parties' Arguments

In opposition to claims of direct infringement, AAM argues: (1) the complaint fails to plausibly allege that any one of AAM's products meets all the elements of Claim 1 of Neapco's patents (*see id.* at PageID.110); (2) Neapco's claims of direct infringement are conclusory and based on "information and belief," (*see id.* at PageID.113); and (3) the complaint fails to identify the components being provided to third parties and the identity of the third parties receiving the components.  (*see id.* at PageID.113-15)

In opposition to claims of induced infringement, AAM argues that the complaint: (1) does not identify any third-party that directly infringes the asserted patents (*see id.* at PageID.117); (2) lacks factual allegations of any affirmative acts of induced infringement (*see id.* at PageID.118); (3) does not allege that AAM had specific intent or knowledge of the asserted patents or that the acts allegedly induced constituted direct infringement (*see id.* at PageID.120-21); and (4) pre-suit knowledge of alleged infringement cannot be established, and the complaint cannot serve as a basis for establishing pre-suit knowledge of indirect infringement.  (*see id.* at PageID.123)

In opposition to claims of contributory infringement, AAM argues that the complaint fails to plead: (1) direct infringement (*see id.* at PageID. 126); (2) that AAM's propshafts are a material part of the invention and have no substantial non-

4

infringing uses (*see id.* at PageID. 126-27); and (3) that AAM had knowledge of (a) the asserted patent; and (b) direct infringement of the asserted patent by a third party (*see id.* at PageID.128)

Lastly, on reply, AAM argues that the complaint alleges "theoretical infringement," as it does not allege facts about when, where, and how the infringement occurs, which are necessary to establish direct infringement.  (ECF No. 19 at PageID.176)

In response to AAM's arguments for dismissal of direct infringement, Neapco argues that: (1) AAM's "use" of the full joint assembly, despite it only making and selling the "first member" and the "retaining means," is still infringement (*see* ECF No. 17 at PageID.150-51); (2) reliance on "information and belief" is proper under Federal Rule of Civil Procedure 11(b)(3) (*see id.* at PageID.151); and (3) the complaint adequately identifies the infringing part, and the other third-party components.  (*see id.* at PageID.156-59)

In response to AAM's arguments for dismissal of induced and contributory infringement, Neapco argues that the complaint: (1) adequately alleges the identity of the third-party (*see id.* at PageID.159); (2) supports the inference that AAM had knowledge of the patents prior to being served (*see id.* at PageID.162-63); (3) need not allege specific intent for contributory infringement (*see id.* at PageID.164); (4) sufficiently alleges that the propshafts are material and have no non-infringing uses

5

(*see id.* at PageID.166-67); (5) when served, the complaint puts AAM on notice of the asserted patents (*see id.* at PageID.159-60); and (6) AAM is taking affirmative steps to induce FCA's direct infringement.  (*see id.* at PageID.165)

## II.   LEGAL STANDARD

District courts adjudicating patent cases apply the law of the Federal Circuit, not the regional circuit, where the question "is intimately involved with the substance of the patent laws." *Grober v. Mako Prods., Inc.*, 686 F.3d 1335, 1345 (Fed. Cir. 2012).  However, the sufficiency of a complaint remains governed by Federal Rule of Civil Procedure 8(a)(2) as interpreted by the Supreme Court.  The Federal Circuit considers that "a purely procedural issue," which is governed by "the applicable law of the regional circuit." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)).

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v.*

6

*Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007) ("A district court considering a defendant's motion to dismiss under Rule 12(b)(6) must construe the complaint in the light most favorable to the plaintiff and accept the plaintiff's allegations as true."). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). However, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

## III.   DIRECT INFRINGEMENT – 35 U.S.C. § 271(a)

"A product may be infringed either directly or indirectly. The former type of infringement occurs when a party makes, uses, sells, or offers to sell all of the elements of a claimed device or practices all of the elements of a claimed method." *Fallat v. Cryomed, LLC*, No. 08–14875, 2009 WL 1122139, at *2 (E.D. Mich. Apr. 24, 2009) (citing 35 U.S.C. § 271(a)).  "Indirect infringement, in contrast, occurs when a party causes another to infringe a patent through either contributory infringement or inducement to infringe.  To establish indirect infringement, the patentee must establish at least circumstantially that a direct infringement has occurred or may occur."  *Id.* (citing *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1365 (Fed. Cir. 2004)).

With respect to direct infringement, Section 271(a) states:

[W]hoever, without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.

35 U.S.C. § 271(a) (alteration added).  "The Supreme Court . . . held that in order to infringe under § 271(a), the accused device must include all of the limitations contained within the patent claim, not just any one limitation." *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1252 (Fed. Cir. 2000) (citing *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 528 (1972)).  "[O]ne may

8

not be held liable under § 271(a) for 'making' or 'selling' less than a complete invention." *Id.* at 1252 n.2.

Moreover, "[a] claim for direct patent infringement under Section 271(a) requires, as an element of the claim, proof that the infringing activity took place *in the United States*." *W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 874 F. Supp. 2d 526, 543 (E.D. Va. 2012) (emphasis in original) (citing *NPT, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1313 (Fed. Cir. 2005) *abrogated on other grounds by Zoltek Corp. v. United States*, 672 F.3d 1309, 1323 (Fed. Cir. 2012) (en banc)).

### A. Neapco sufficiently pleads an infringing "use."

Neapco concedes that AAM only makes and sells two of the four components of the allegedly infringing joint assembly. (*See* ECF No. 17 at PageID. 150-51 (alterations added) ("[T]he [c]omplaint clearly states that AAM uses a full joint assembly including all of the components recited in the claims, including components that may be manufactured by a third-party.").) However, it argues that AAM "uses" the complete joint assembly for testing purposes, with components provided by third parties, and this testing constitutes "use," and therefore direct infringement, under Section 271(a). (*Id.*)

"In terms of the infringing act of 'use,' courts have interpreted the term 'use' broadly." *NPT,* 418 F.3d at 1316. "[T]he term 'use' means 'the right to put into service any invention.'" *Centillion Data Sys. LLC v. Qwest Comm'ns Int'l, Inc.*,

631 F.3d 1279, 1284 (Fed. Cir. 2011) (alteration added) (quoting *NPT*, 418 F.3d at 1316-17). "The 'use' of a claimed system under section 271(a) is the place at which the system as a whole is put into service, *i.e.*, the place where control of the system is exercised, and beneficial use of the system is obtained." *Id.* (citing *NPT*, 418 F.3d at 1317). Here, Neapco alleges that AAM gained a beneficial "use" through the assembly and testing of the complete joint assembly.

AAM concedes that "assembly and testing" may constitute direct infringement. (ECF No. 19, PageID.176.) This concession is mirrored by precedent from the Federal Circuit as well as various district courts. *See GoTV Streaming, LLC v. Netflix, Inc.*, No. 222CV07556RGKSHK, 2023 WL 6192744 at * 10 (C.D. Cal. Sept. 11, 2023) (allowing claim to proceed on allegations of testing); *see also Magna Elecs., Inc. v. TRW Auto. Holdings Corp.*, No. 1:12-CV-654, 2016 WL 4239185 at *9 (W.D. Mich. Jan. 7, 2016). For example, in *Lifetime Industries, Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372 (Fed. Cir. 2017), the Federal Circuit found that a plaintiff adequately pled direct infringement when it alleged the defendant combined two components even though the defendant only used one of the components. 869 F.3d 1372 at 1378. Furthermore, limited internal use may suffice for direct infringement. *See Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269 (Fed. Cir. 2011).

10

Viewing the complaint in the light most favorable to the plaintiff, Neapco has adequately alleged that AAM's testing of its patented invention confers some benefit upon AAM through testing, and therefore, AAM has obtained beneficial use of the system.  (*See* ECF No. 17 at PageID.154 "AAM necessarily tests completed joint assemblies to make sure that its propshafts operate correctly in the environment for which they were specifically made.").  At this stage of the proceedings, this is sufficient to overcome a motion to dismiss.

Furthermore, *de minimis* infringement has generally not been recognized as an excuse for infringement, but instead as a limitation on damages. *see Abbott Labs. v. Sandoz, Inc.*, 566 F.3d 1282, 1299 (Fed. Cir. 2009) (noting that de minimis infringement can still constitute infringement).  The extent of the alleged infringement is not ripe for consideration at this stage.

Neapco has also adequately identified the driveline assemblies at issue by identifying the product number of the propshafts at issue as well as some of the specific vehicles in which the assembly is installed.  (ECF No. 1, PageID.4) Therefore, Neapco has adequately alleged that AAM is "using" its product within the meaning of the statute.

AAM also argues that Neapco improperly relies on an allegation made "upon information and belief" and that the inference that AAM must test the completed driveline is unreasonable.  (See ECF No. 1 at Page.ID 5 (alteration

11

added) "[u]pon information and belief, AAM at least assembles and tests complete infringing driveline assemblies including components that may be provided by third-parties.")

Allegations "asserted upon information and belief are not per se insufficient to withstand a Rule 12(b)(6) motion; the Court must consider the pleading's factual allegations as a whole." *Glob. Licensing, Inc. v. Namefind LLC*, 582 F. Supp. 3d 467, 479 (E.D. Mich. 2022). However, "[c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tennessee Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

In *Progme Corp. v. Twenty-First Century Fox*, No. 18-11057, 2023 WL 3608787 (E.D. Mich. May 23, 2023), a court found that allegations made on information and belief were insufficient to overcome a motion to dismiss in a patent case where the complaint provided no "insight into what activities [were] alleged to meet the limitations of the asserted claims." *Id.* at *5. Similarly, in *Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, No. 3:15-CV-03433-N, 2016 WL 4717991 (N.D. Tex. July 7, 2016), a court granted a motion to dismiss a patent infringement claim when allegations made on information and belief relied on an unreasonable logical inference which was not supported by fact. *Id.* at *2.

Viewing the complaint in its entirety, in the light most favorable to Neapco, it is possible to infer that AAM tests the driveline assembly based on alleged facts.

Neapco alleges unequivocally that AAM manufactures the propshafts, "including at least the Ram HD Propshafts[,]" and that certain infringing propshafts "bear the product no. 68312648AC." (ECF No. 1 at PageID.4) As shown by the claim charts, the elements of the propshafts produced by AAM work in conjunction with third-party parts in a completed assembly. (ECF Nos. 1-4, 1-5) Neapco unambiguously alleges that the elements produced by AAM are ultimately combined with third-party parts when installed in vehicles. The only inference Neapco makes is that AAM must combine and test the combined assembly itself, and Neapco alleges this reasonable inference based on information and belief.

As such, Neapco, has sufficiently placed AAM on notice as to the specific components at issue and the nature of the alleged infringement. Unlike in *Progme* and *Nu-You*, Neapco has provided a reasonable factual basis for the infringement sufficient to overcome a motion to dismiss.

However, to make out a claim of direct infringement, the infringement must occur in the United States. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915 (2014). As AAM raised this issue only briefly on reply, the Court will not decide this motion on the grounds that Neapco failed to allege direct infringement within the United States but will note that, to succeed on a direct infringement claim, Neapco must allege and show that the infringing "use" occurred within the United States.

13

**B. Neapco sufficiently identified the components provided by third parties.**

AAM's argument that Neapco fails to identify the allegedly infringing third-party components is without merit.  In the claim charts attached to the complaint, Neapco clearly identifies the two third-party components at issue, specifically, the second member and seal.  (ECF Nos. 1-4, 1-5)  The claim charts make it possible to clearly identify the components at issue, and this identification is sufficiently specific to overcome a motion to dismiss.

At this stage, Neapco need not identify the specific manufacturer of the third party components as it has provided more than mere conclusory allegations and has put AAM on notice of what it must defend.  In this case, the critical issue for the direct infringement claim is whether AAM combines and tests a complete driveline assembly.  AAM can defend against that claim without being informed in the complaint of the manufacturers of the third-party components by Neapco.

For the foregoing reasons, the motion to dismiss Neapco's direct infringement claim is **DENIED**.

## IV.   INDIRECT, INDUCED INFRINGEMENT – 35 U.S.C. § 271(b)

"Inducement to infringe occurs when there has been direct infringement and the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *Fallat*, 2009 WL 1122139, at *3 (quoting *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.*, 420 F.3d 1369,

14

1378 (Fed. Cir. 2005)).  Section § 271(b) states: "Whoever actively induces

infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).

  "To prove inducement of infringement, the patentee must show that the

accused inducer took an affirmative act to encourage infringement with the

knowledge that the induced acts constitute patent infringement."  *Astornet Techs.*

*Inc. v. BAE Sys., Inc.*, 802 F.3d 1271, 1279 (Fed. Cir. 2015) (internal citation and

quotation omitted).  "Induced infringement requires proof of two types of

knowledge by the alleged inducer: knowledge of the patent in question and

knowledge that the induced acts infringe on the patent."  *Caterpillar Prodotti*

*Stradali S.R.L. v. Int'l Trade Comm'n*, 847 F. App'x 893, 898 (Fed. Cir. 2021)

(citations omitted).  "While proof of intent is necessary, direct evidence is not

required; rather, circumstantial evidence may suffice."  *Water Techs. Corp v.*

*Calco, Ltd.,* 850 F.2d 660, 668 (Fed.Cir.1988).

"In other words, [Neapco is] required to prove that: (1) a third party directly

infringed the asserted claims of the ['958] and ['376] patents; (2) [AAM] induced

those infringing acts; and (3) [AAM] knew the acts it induced constituted

infringement."  *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 843

F.3d 1315, 1332 (Fed. Cir. 2016) (alterations added).  "It is axiomatic that '[t]here

can be no inducement or contributory infringement without an underlying act of

direct infringement.'"  *Bill of Lading*, 681 F.3d at 1333 (quoting *Linear Tech.*

*Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004)).

## A. Knowledge of the Patents

To make out a claim of both indirect induced infringement and indirect

contributory infringement, the plaintiff must plead "knowledge of the patent in

question[.]" *Caterpillar*, 847 F. App'x at 898 (citations omitted).  AAM argues that

Neapco failed to plead pre-suit knowledge of either the '958 or '376 patents and

that the complaint cannot satisfy the requirement of knowledge in-suit.

### a. Pre-suit Knowledge

As Neapco acknowledges, it has failed to explicitly plead pre-suit

knowledge and relies on the Court to draw an inference from its complaint.  (ECF

No. 17 at PageID.162)  Neapco expects the Court to draw this inference from the

fact that Neapco submitted a confidential design proposal to FCA.  (ECF No. 1 at

PageID.4)   However, this fact, even when read in the context of the entire

complaint, does not allow the Court to infer that AAM had knowledge of the

patents prior to the filing of this lawsuit.  It merely establishes that FCA had such

knowledge.  As such, to the extent they refer to the pre-suit time period, Neapco's

indirect infringement claims are **DISMISSED**.

16

### b.  Knowledge in-suit

In terms of the period after the filing of the complaint, "[j]udges…have taken different views on whether a plaintiff can sufficiently plead knowledge of a patent-in-suit in an amended complaint by referring back to the notice that the accused infringer received of the patent's existence via the filing of a prior complaint in the same case for indirect infringement" claims.  *Staton Techiya, LLC v. Harman Int'l Indus., Inc.*, No. 1:23-CV-00802-JCG, 2024 WL 2271861 at *7 (D. Del. May 20, 2024).  The first approach requires plaintiffs to plead pre-suit notice and holds that "knowledge after filing of the present action is not sufficient for pleading the requisite knowledge for indirect infringement."  *Xpoint Techs., Inc. v. Microsoft Corp.*, 730 F. Supp. 2d 349, 357 (D. Del. 2010); *see also Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012); *Brandywine Commc'ns Techs., LLC v. CenturyTel Broadband Servs., LLC*, No. 612CV286ORL36DAB, 2014 WL 12866968 (M.D. Fla. Jan. 15, 2014).

The competing view holds that "pre-suit knowledge of the patents-in-suit is unnecessary to properly plead induced infringement" and service of the complaint "is sufficient to show knowledge of the patents-in-suit at least as of the date of service" to support an induced infringement claim. *Serv. Sols. U.S., LLC v. Autel U.S. Inc.*, No. 13-10534, 2013 WL 5701063 at *10 (E.D. Mich. Oct. 18, 2013); *see*

*also Merrill Mfg. Co. v. Simmons Mfg. Co.*, 553 F. Supp. 3d 1297, 1303 (N.D. Ga. 2021) (finding "Plaintiff's service of the complaint sufficient to show Defendant's knowledge of the patent-in-suit.");

There is no applicable case law on point from the Federal Circuit or the Supreme Court on this question.  Furthermore, there are few cases from this district which squarely addresses this issue, the most recent  being *Serv. Sols. U.S., LLC v. Autel U.S. Inc.*, No. 13-10534, 2013 WL 5701063 (E.D. Mich. Oct. 18, 2013). Absent binding authority, the Court must determine which line of reasoning is more compelling.

As aptly put in *Service Solutions*, as "a matter of common sense" once a defendant is served with a complaint, the defendant has "demonstrable knowledge of the patents-in-suit. Any activity undertaken by Defendants to encourage infringing product use since then would clearly be done with knowledge of the patents." *Id.* at *10.  Requiring proof of a separate notice prior to filing the complaint would be duplicative and have the same practical effect as allowing the complaint to serve as post-suit notice.

The cases cited by AAM from this district in opposition predate the abrogation of Form 18 of the Appendix of Forms to the Federal Rules of Civil Procedure, which imposed a specific pleading standard for patent cases, and largely discussed direct infringement and the language of Form 18.  *See Littlefuse,*

18

*Inc. v. Pac. Eng'g Corp.*, No. 12-CV-14957, 2013 WL 4026918 at *2 (E.D. Mich. Aug. 7, 2013) (finding "Form 18 specifically contemplates that plaintiff afford defendants notice of their infringement *before* filing the complaint." (emphasis in original)); *Addiction & Detoxification Inst., L.L.C. v. Carpenter*, No. 14-10021, 2014 WL 3819349 at *2 (E.D. Mich. Aug. 4, 2014), aff'd, 620 F. App'x 934 (Fed. Cir. 2015). Given that Form 18 was abrogated in 2015 and is no longer in force, the reasoning of *Addiction & Detoxification Inst.* and *Littlefuse* is not directly applicable to the case at hand.

Furthermore, the majority position of courts in other districts aligns with the view adopted by *Service Solutions*, which "holds that the initial complaint may serve to provide the required knowledge for a claim of post-suit indirect infringement." *DSM IP Assets, B.V. v. Honeywell Int'l, Inc.*, 700 F. Supp. 3d 189, 199-200 (D. Del. 2023) (collecting cases). The Court sees no reason to depart from the majority view and finds that the complaint may suffice as post-suit notice. Consequently, this Court will hold that service of a complaint may be enough to show knowledge of the patents-in-suit, as of the date of service, and that is sufficient to sustain the indirect infringement claim.

However, even if the complaint can serve as notice, the Plaintiff must still explicitly allege Defendant's knowledge of the patent to state a claim for induced infringement. Here, Neapco failed to allege that the complaint satisfied the

knowledge requirement and thus failed to state a claim for indirect infringement. As such, to the extent they refer to the post-suit time period, Neapco's indirect infringement claims are **DISMISSED**.

## B. Direct Infringement by a Third Party

AAM argues Neapco failed to adequately plead direct infringement by a third party. In response, Neapco argues that, reading its complaint as a whole, the Court can infer an allegation of direct infringement by Fiat Chrysler and other unidentified AAM customers. (ECF No. 17 at PageID.159)

Reading the complaint in the light most favorable to Neapco, the Court finds that Neapco has adequately pleaded direct infringement by a third party. In its complaint, Neapco alleges that AAM aids in the "direct infringement by another of one or more" claims of the patents at issue. (ECF No. 1, PageID.6) The fact on which Neapco relies to support this assertion is that "AAM now manufacturers, uses, sells, and/or offers for sale propshafts with plug-on interface assemblies including, for example, propshafts for at least the 2023 Dodge Ram HD Vehicles." (ECF No. 1 at PageID.4) These assemblies include the propshafts manufactured by AAM. (*Id.*)

From the facts alleged, the Court can reasonably infer that Neapco alleges that FCA has engaged in direct infringement.

**C. Failure to Plead Affirmative Acts**

Mere knowledge of infringing acts is insufficient to find AAM liable for induced infringement – it must also affirmatively act to induce infringement. *See Water Techs.*, 850 F.2d at 668. AAM argues that Neapco failed to plead affirmative acts taken by AAM to induce direct infringement by FCA. (ECF No. 13 at PageID.15). The Court agrees with AAM on this point. Although the complaint accuses AAM of "actively and knowingly aiding and abetting in another's direct infringement" of the '958 and '376 patents, (ECF No. 1 at PageID.5, 7) this is a mere recitation of the elements of the claim and does not suffice to survive a motion to dismiss. *See Michigan Motor Techs. LLC v. Volkswagen Aktiengesellschaft*, 472 F. Supp. 3d 377, 385 (E.D. Mich. 2020).

Neapco must allege some facts which make it plausible that AAM purposefully encouraged another party to infringe its patents. In its reply, Neapco argues that the design of the propshafts and AAM's instructions to FCA to complete the joint assembly along with "technical support, guidance, and instruction" to complete the driveline assembly would constitute an affirmative act to induce infringement. (ECF No. 17, PageID.165-166) However, none of these allegations are present in Neapco's complaint which merely includes the vague assertion that "AAM has and continues to actively induce infringement" of the patents and the technical specifications of the propshafts via claim charts. (ECF

21

No. 1 at PageID.5, 7)  This allegation is insufficient to allow the Court to

reasonably infer that AAM took active steps to encourage infringement by a third-

party.  Consequently, Neapco's induced infringement count is **DISMISSED** for

failing to plead that AAM engaged in affirmative acts which induced infringement.

## V.    INDIRECT, CONTRIBUTORY INFRINGEMENT – 35 U.S.C. § 271(c)

With respect to indirect, contributory infringement, Section § 271(c) states:

> Whoever offers to sell or sells within the United States or imports into
> the United States a component of a patented machine, manufacture,
> combination or composition, or a material or apparatus for use in
> practicing a patented process, constituting a material part of the
> invention, knowing the same to be especially made or especially
> adapted for use in an infringement of such patent, and not a staple
> article or commodity of commerce suitable for substantial
> noninfringing use, shall be liable as a contributory infringer.

35 U.S.C. § 271(c).  Essentially, to establish contributory infringement, the

patent owner must show that: (1) there is direct infringement; (2) the accused

infringer had knowledge of the patent; (3) the component has no substantial

noninfringing uses; and (4) the component is a material part of the invention.

*Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010).  Additionally,

knowledge is still a requirement for contributory infringement.  *See Caterpillar*,

847 F. App'x at 898.

### A. Material Part of the Invention

Neapco's complaint alleges that the propshafts "constitute a material part" of

the '958 and '376 patents.  (ECF No. 1 at PageID.6-7)  It is certainly true that

Neapco is not required to "prove its case at the pleading stage." *In re Bill of Lading*, 681 F.3d at 1339.  However, it must allege some facts beyond merely restating the elements of the claim.

Neapco argues its assertion is "supported by the entirety of the Complaint and corresponding claim charts." (ECF No. 17 at PageID.166)  The Court is persuaded by this argument as the technology at issue is comparatively simple, involving only four components.  (ECF Nos. 1-4, 1-5)  The claim charts make clear that the propshafts are a critical part of the technology.  (ECF Nos. 1-4, 1-5)  These allegations are sufficient to overcome a motion to dismiss.

### B. Knowledge

As discussed above, Neapco must affirmatively plead that AAM has in-suit knowledge by virtue of the filing of the complaint.  *See* Section IV.A.  As Neapco has failed to do so, it has insufficiently pleaded knowledge for the purposes of a contributory infringement claim.

### C. Non-infringing Use

To make out a claim of contributory infringement, the plaintiff must "among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *In re Bill of Lading*, 681 F.3d at 1337.  "Where the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory

infringement does not lie." *Id.* at 1338.  Neapco pleads the "propshafts are not a staple article or commodity of commerce suitable for substantial noninfringing uses." (ECF No. 1 at PageID.6-7)  However, this is merely a restated element of the claim at issue and provides no factual basis on which the Court can infer the propshafts have no substantial non-infringing uses.

The Court is unpersuaded that Neapco's claim is "supported by the entirety of the Complaint and corresponding claim charts." (ECF No. 17 at PageID.166) In regard to this element, the comparative simplicity of the technology cuts against Neapco's argument as the factual basis for Neapco's claim is unclear.  From the facts alleged, it is possible that these propshafts have no non-infringing use, but it is impossible for the Court to make a reasonable inference one way or the other as Neapco has failed to plead any facts to support its legal conclusion.  Therefore, the contributory infringement claim is **DISMISSED**.

## VI.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that AAM's motion to dismiss (ECF No. 13) is **GRANTED** as to Neapco's indirect induced and contributory infringement claims;

**IT IS FURTHER ORDERED** that AAM's motion to dismiss (ECF No. 13)

24

is **DENIED** as to Neapco's direct infringement claims.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 16, 2025