IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| NEAPCO COMPONENTS, LLC,<br><br>                      Plaintiff,<br><br>    v.<br><br>AMERICAN AXLE &<br>MANUFACTURING, INC.,<br><br>                      Defendant. | Case No. 2:23-cv-12470-LVP-EAS<br><br>Hon. Linda V. Parker<br><br>Mag. Judge Elizabeth A. Stafford<br><br>**JURY TRIAL DEMANDED** |

## STIPULATED ESI ORDER

**WHEREAS**, Plaintiff Neapco Components, LLC, and Defendant American Axle & Manufacturing, Inc. (collectively, the "Parties") are engaged in litigation in the above-captioned matter;

**WHEREAS**, the Parties mutually seek to reduce the time, expense and other burdens of discovery, as described further below, and to better define the scope of their obligations with respect to preserving, collecting, and producing discoverable information and materials;

The Parties stipulate as follows:

Except as noted below, the Parties agree that the following instructions ("Instructions") apply to the production of ESI, including e-mail and other electronic documents, and "paper" documents in an electronic format. The Parties agree that

the principles of cooperation, transparency, and proportionality as set forth in Federal Rule of Civil Procedure 26(b) will guide their application of the Instructions. The Parties agree to meet and confer in good faith to resolve any disputes arising under these Instructions. The Parties agree that they may bring these Instructions to the Court's attention to the extent that they are unable to resolve any such dispute after a good faith meet and confer.

I.     **GENERAL PROVISIONS**

    a.     **Cooperation**

Parties are expected to reach agreements cooperatively on how to conduct discovery under Fed. R. Civ. P. 26-36.

    b.     **Proportionality**

Parties are expected to use reasonable, good faith and proportional efforts to preserve, identify and produce relevant information[1]. This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods for discovery and other parameters to limit and guide preservation and discovery issues.

---

[1] Information can originate in any form, including ESI and paper, and is not limited to information created or stored electronically.

### c.   Preservation of Discoverable Information

A party has a common law obligation to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control.

Absent a showing of good cause by the requesting party, the Parties shall not be required to modify, on a going-forward basis, the procedures used by them in the ordinary course of business to back up and archive data; provided, however, that the Parties shall preserve the non-duplicative discoverable information currently in their possession, custody or control.

### d.   Privilege

(i)   The Parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements and whether alternatives to document-by-document logs can be exchanged.

(ii)   With respect to information generated after the filing of the complaint in this action, Parties are not required to include any such information in privilege logs.

(iii)   Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

    (iv) The Proposed Stipulated Protective Order submitted in this case shall apply, including with regard to inadvertent production.

  **e.** **Rolling Production**

  Documents responsive to discovery requests will be produced by forwarding them to opposing counsel in the agreed ESI format as soon as practical after they are available, without awaiting the completion of processing of other documents responsive to a request for production. The Parties will in good faith work to complete their production of documents to the unobjected scope of an opponent's request.

**II.** **SPECIFIC E-DISCOVERY ISSUES**

  **a.** **On-Site Inspection of Electronic Media**

  Such an inspection shall not be permitted absent a demonstration by the requesting party of specific need and good cause.

  **b.** **Search Methodology**

  **Non-email ESI**.  Non-email ESI will be collected in the same way as paper documents—namely, by conducting a good faith search for non-email ESI and paper documents responsive to a party's discovery requests.  Documents identified through the Parties' searches will be produced in accordance with this Order and the Federal Rules of Civil Procedure.  The Parties agree to make a reasonable, good-faith effort to identify and locate the files, folders, media, etc. that are likely to contain any

responsive non-email ESI, and make a diligent search of those files for responsive non-email ESI.

(ii) **Email ESI**. The Parties shall exchange proposed search terms prior to the review of email ESI. The Parties shall meet and confer to resolve any issues related to the proposed search terms.

Notwithstanding any provision or protocol herein, the Parties reserve the right to move the Court for the production of additional ESI for good cause.

c. **Format**

The producing party must preserve the integrity of the underlying ESI, i.e., the original formatting, the metadata (as noted below) and, where applicable, the revision history. The Parties shall produce their information in the following format: single page TIFF images and associated multi-page text files containing extracted text or OCR with Concordance (.DAT) and Opticon (.OPT) load files containing all requisite information including relevant metadata. Documents should be produced in single page black and white TIFF images or color JPEG files both at 300 dpi and color for color. If produced documents are illegible or difficult to read, the Parties will meet in good faith to resolve by providing the native file, a color image version, or a higher resolution image.

Documents that include hidden data, such as Track Changes, User Comments, Hidden Slides, and Slide Notes, shall be provided in native format with the hidden data. Email shall include Display Name and SMTP address.

### d.   Native Files

The only files that should be produced in native format are proprietary files that are otherwise not viewable, files not easily converted to image format, such as Audio/Video, Excel and Access files, and documents that include hidden data, such as Track Changes, User Comments, Hidden Slides, or Slide Notes.

### e.   Metadata Fields

The Parties are obligated to provide the following metadata for all ESI produced, to the extent such metadata exists: Custodian, All Custodians File Path, Email Subject, Conversation Index, From, To, CC, BCC, Date/Time Sent, Date/Time Received, Filename, (non-email) Author, Date/Time Created, Date/Time Modified, MD5 Hash, File Size, File Extension, Confidentiality Designation, Redaction Designation (e.g., "Y" or "Yes," for redacted documents), Bates Begin, Bates End, Bates Begin Attachment, Bates End Attachment (or the equivalent thereof), Extracted Text Path (the path to the extracted text/OCR file on the deliverable media), and Native File Path (the path to the native file on the deliverable media). Sender/Recipient fields should include Display Name and SMTP address to the extent it exists.

    **f.**    **ESI De-Duplication**

Prior to producing ESI, the Parties may remove ("de-dupe") any documents duplicative at the family level across all sources of ESI, such that only one copy of any unique ESI document need be produced. As an example, a party shall not remove through de-duplication a document attached to an email that is duplicative to another document in the production that is a standalone document or attached to a different email; however, the Parties may de-duplicate entire email families that are identical. De-duplication for review followed by re-duplication for production is not allowed.

    **g.**    **Email Thread Analysis**

Email thread analysis may be used to reduce the volume of emails reviewed and produced. The produced emails must include all the responsive information from an email thread, including attachments. For example, if an email in a string deviates from the thread such that it contains attachments that are not included in the most complete thread, then that individual email and its attachments shall also be produced, in addition to the most complete thread.

    **h.**    **Electronic Bates Convention**

The electronic Bates numbering shall be a unique number common to each page. Format should be: PREFIX and numeric digits (e.g., PRE0000001). The numbering convention shall be consistent throughout the rolling production. Email attachments shall be produced and Bates numbered consecutively subordinate to the

"parent" e-mail or other parent items so that the family (parent/child) relationship is maintained.

**SO ORDERED.**

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 5, 2025

AGREED AND STIPULATED TO:

May 2, 2025

By: */s/ Yafeez S. Fatabhoy*
J. Michael Huget (P39150)
Sarah Waidelich (P80225)
David J. Thomas (P82938)
mhuget@honigman.com
swaidelich@honigman.com
dthomas@honigman.com
Honigman LLP
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
(313) 465-7000

Dennis J. Abdelnour
Honigman LLP
321 N. Clark St., Suite 500
Chicago, IL 60654
(312) 701-9300
dabdelnour@honigman.com

*Attorneys for Plaintiff Neapco Components, LLC*

By: */s/ Robert F. Kappers (w/ permission)*
James R. Nuttall (IL Bar No. 6243585)
Robert F. Kappers (IL Bar No. 6313187)
Candice J. Kwark (IL Bar No. 6332282)
Jacob T. Michalakes (IL Bar No. 6336389)
**STEPTOE LLP**
227 West Monroe, Suite 4700
Chicago, IL 60606
Telephone: (312) 577-1300
Facsimile: (312) 577-1370
Email: jnuttall@steptoe.com
Email: rkappers@steptoe.com
Email: ckwark@steptoe.com
Email: jmichalakes@steptoe.com

Lisa A. Brown (P67208)
**DYKEMA GOSSETT PLLC**
400 Renaissance Center
Detroit, MI 48243
Telephone: (313) 568-6800
Email: lbrown@dykema.com

Steven McMahon Zeller (IL 6238416)
**DYKEMA GOSSETT PLLC**
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
Telephone: (312) 627-2272
szeller@dykema.com